UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WRIG MANAGEMENT, LLC, ) <br> d/b/a LOCOS GRILL AND PUB, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and retaliation and to provide appropriate relief to Anya McDuffie ("McDuffie"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant WRIG MANAGEMENT, LLC d/b/a Locos Grill & Pub ("Defendant"), engaged in intentional discrimination against McDuffie by subjecting her to a hostile work environment based on her sex (female), by failing to take prompt and effective remedial action to remedy the hostile work environment, and by taking adverse employment action against McDuffie in retaliation for her complaints of sexual harassment, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant's principal place of business has been in Alpharetta, Georgia, Defendant has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, McDuffie filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On July 17, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On December 2, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least June 2017, Defendant has engaged in unlawful employment practices at its restaurant in Sugar Hill, Georgia, in violation of Section 102 of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting McDuffie to a hostile work environment based on her sex (female), by failing to take prompt and effective

remedial action to remedy the hostile work environment, and by retaliating against her for reporting discrimination.

11. Defendant hired McDuffie on or about June 5, 2017 to work at the Derby Sports Bar as a line cook.

12. During McDuffie's employment, the Derby Sports Bar was rebranded as a Locos Grill & Pub.

13. Shortly after McDuffie began working for Defendant, a male Defendant employee began to verbally harass McDuffie.

14. McDuffie reported the harassment to a supervisor on or about June 12, 2017.

15. The supervisor failed to report McDuffie's complaint to Human Resources.

16. Defendant took no action in response to McDuffie's initial complaint.

17. On or about July 14, 2017, the harasser approached McDuffie from behind, pressed his pelvis and penis against McDuffie's buttocks through his pants, and gyrated his hips against her buttocks while she cooked.

18. McDuffie immediately told the harasser to stop.

19. The harasser told McDuffie, "You know you like it."

20. On or about July 22, 2017, the harasser followed McDuffie to the restroom while she was cleaning and asked if she wanted him to join her in the restroom to show her what he was "working with."

21. McDuffie rebuffed the harasser's advances.

22. On or about July 29, 2017, the harasser again approached Charging Party from behind while she was cooking.

23. McDuffie loudly told the harasser to stop in front of the restaurant manager, and the harasser gave McDuffie a menacing look.

24. McDuffie then loudly asked the harasser for assistance performing their job cooking orders, but he refused to help and instead screamed at McDuffie.

25. Upset about the events on July 29, 2017, McDuffie asked to speak with the restaurant manager in an effort to report the harassment.

26. The restaurant manager told McDuffie he did not have time to talk to her and did not follow up with McDuffie after the customers left for the day.

27. McDuffie called Human Resources on or about July 29, 2017, but no one answered.

28. On or about July 31, 2017, McDuffie approached a Human Resources representative who was visiting the restaurant and told the representative that she had been subjected to physical and verbal sexual harassment by a coworker.

29. McDuffie also told Human Resources that she had previously reported the harassment to a supervisor and attempted to report the harassment to the restaurant manager, but that she had been ignored.

30. Human Resources provided the restaurant manager with forms for McDuffie to complete.

31. On or about August 3, 2017, McDuffie returned the completed harassment form to the restaurant manager.

32. Upon information and belief, the restaurant manager interviewed some employees regarding whether they had witnessed any inappropriate behavior, but he provided no details to any witnesses about the nature of McDuffie's complaints or her identity.

33. The harasser admitted to the restaurant manager that he had "snapped" at McDuffie.

34. McDuffie was not told the results of any alleged investigation.

35. On or about September 14, 2017, McDuffie approached the owner of the restaurant and asked to speak with him about her sexual harassment complaint, and he agreed to speak with her.

36. McDuffie did not meet with the owner, and instead met with the Human Resources representative and restaurant manager—who told her there was no evidence to support her claims.

37. The Human Resources representative encouraged Charging Party to resign, but McDuffie told the representative that she did not want to lose her job.

38. The Human Resources representative asked McDuffie, "What do you want me to do about it?"

39. McDuffie told the Human Resources representative that she felt uncomfortable around her harasser.

40. McDuffie, the Human Resources representative, and the restaurant manager agreed that McDuffie and her harasser would no longer work the same shift and that Defendant would counsel the harasser and would explain why he and McDuffie were no longer working the same shift.

41. Defendant then sent McDuffie home and did not allow her to complete the remainder of her shift.

42. Defendant never implemented the agreed-upon remedy.

43. Defendant never again scheduled McDuffie to work, nor did Defendant inform McDuffie that she had been placed on any schedules.

44. Defendant never counseled the harasser regarding any changes to his shift or that he should avoid McDuffie.

45. Between on or about September 15, 2017 and September 20, 2017, McDuffie repeatedly contacted Human Resources and the restaurant manager regarding returning to work, but she was ignored.

46. The unlawful employment practices complained of above were intentional.

47. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to McDuffie's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment, engaging in employment practices which discriminate against employees based on their sex, subjecting employees to adverse employment actions for engaging in protected activity by complaining about unlawful employment practices, and otherwise engaging in any other employment practices which discriminate against employees for engaging in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make McDuffie whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

    D.    Order Defendant to make McDuffie whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    E.    Order Defendant to make McDuffie whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay McDuffie punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANTONETTE SEWELL
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

s/ *Robyn M. Flegal*
Robyn M. Flegal, Esq.
Trial Attorney
Georgia Bar No. 599572
robyn.flegal@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
(404) 562- 6882 (direct)
(404) 562-6905 (facsimile)