UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WRIG MANAGEMENT, LLC, and WRIG SUGAR HILL, LLC, d/b/a LOCOS GRILL AND PUB,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:20-CV-01707-LMM-CCB<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and retaliation and to provide appropriate relief to Anya McDuffie ("McDuffie"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendants WRIG Management, LLC and/or WRIG Sugar Hill, LLC, collectively d/b/a Locos Grill & Pub ("Defendants"), engaged in intentional discrimination against McDuffie by subjecting her to a hostile work environment based on her sex (female), by failing to take prompt and effective remedial action to remedy the hostile work environment, and by taking adverse

employment action against McDuffie in retaliation for her complaints of sexual harassment, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant WRIG Management, LLC's principal place of business has been located at 9850 Nesbit Ferry Rd Ste 12, Alpharetta, GA, 30022, it has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

5. At all relevant times, Defendant WRIG Sugar Hill's principal place of business has been located at 9850 Nesbit Ferry Rd Ste 12, Alpharetta, GA, 30022, it has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

6. At all relevant times, Defendants collectively and/or singularly have conducted business and represented themselves to the public under the name "the Derby" and/or "Locos Grill & Pub."

7. Upon information and belief, Defendants have interrelated operations, common management, centralized control of labor relations, and common management and financial control.

8. Upon information and belief, Defendants were so integrated with respect to ownership and operations as to constitute a single or integrated employer for purposes of Title VII.

9. Upon information and belief, Defendants jointly controlled the terms and conditions of employment of McDuffie as to constitute joint employers for purposes of Title VII.

10. At all relevant times, Defendants have been employers engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, McDuffie filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

12. On July 17, 2019, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. On December 2, 2019, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least June 2017, Defendants have engaged in unlawful employment practices at their restaurant in Sugar Hill, Georgia, in violation of Section 102 of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting McDuffie to a hostile work environment based on her sex (female), by failing to take prompt and effective

remedial action to remedy the hostile work environment, and by retaliating against her for reporting discrimination.

16. Defendants hired McDuffie on or about June 5, 2017 to work at the Derby Sports Bar as a line cook.

17. During McDuffie's employment, the Derby Sports Bar was rebranded as a Locos Grill & Pub.

18. Shortly after McDuffie began working for Defendants, a male employee began to verbally harass McDuffie.

19. McDuffie reported the harassment to a supervisor on or about June 12, 2017.

20. The supervisor failed to report McDuffie's complaint to Human Resources.

21. Defendants took no action in response to McDuffie's initial complaint.

22. On or about July 14, 2017, the harasser approached McDuffie from behind, pressed his pelvis and penis against McDuffie's buttocks through his pants, and gyrated his hips against her buttocks while she cooked.

23. McDuffie immediately told the harasser to stop.

24. The harasser told McDuffie, "You know you like it."

25. On or about July 22, 2017, the harasser followed McDuffie to the restroom while she was cleaning and asked if she wanted him to join her in the restroom to show her what he was "working with."

26. McDuffie rebuffed the harasser's advances.

27. On or about July 29, 2017, the harasser again approached Charging Party from behind while she was cooking.

28. McDuffie loudly told the harasser to stop in front of the restaurant manager, and the harasser gave her a menacing look.

29. McDuffie then loudly asked the harasser for assistance performing their job cooking orders, but he refused to help and instead screamed at McDuffie.

30. Upset about the events on July 29, 2017, McDuffie asked to speak with the restaurant manager in an effort to report the harassment.

31. The restaurant manager told McDuffie he did not have time to talk to her and did not follow up with McDuffie after the customers left for the day.

32. McDuffie called Human Resources on or about July 29, 2017, but no one answered.

33. On or about July 31, 2017, McDuffie approached a Human Resources representative who was visiting the restaurant and told the representative that she had been subjected to physical and verbal sexual harassment by a coworker.

34. McDuffie also told Human Resources that she had previously reported the harassment to a supervisor and attempted to report the harassment to the restaurant manager, but that she had been ignored.

35. Human Resources provided the restaurant manager with forms for McDuffie to complete.

36. On or about August 3, 2017, McDuffie returned the completed harassment form to the restaurant manager.

37. Upon information and belief, the restaurant manager interviewed some employees regarding whether they had witnessed any inappropriate behavior, but he provided no details to any witnesses about the nature of McDuffie's complaints or her identity.

38. The harasser admitted to the restaurant manager that he had "snapped" at McDuffie.

39. McDuffie was not told the results of any alleged investigation.

40. On or about September 14, 2017, McDuffie approached the restaurant owner and asked to speak with him about her sexual harassment complaint, and he agreed to speak with her.

41. McDuffie did not meet with the owner, and instead met with the Human Resources representative and restaurant manager—who told her there was no evidence to support her claims.

42. The Human Resources representative encouraged Charging Party to resign, but McDuffie told the representative that she did not want to lose her job.

43. The Human Resources representative asked McDuffie, "What do you want me to do about it?"

44. McDuffie told the Human Resources representative that she felt uncomfortable around her harasser.

45. McDuffie, the Human Resources representative, and the restaurant manager agreed that McDuffie and her harasser would no longer work the same shift and that Defendants would counsel the harasser and would explain why he and McDuffie were no longer working the same shift.

46. Defendants then sent McDuffie home and did not allow her to complete the remainder of her shift.

47. Defendants never implemented the agreed-upon remedy.

48. Defendants never again scheduled McDuffie to work, nor did Defendants inform McDuffie that she had been placed on any schedules.

49. Defendants never counseled the harasser regarding any changes to his shift or that he should avoid McDuffie.

50. Between on or about September 15, 2017 and September 20, 2017, McDuffie repeatedly contacted Human Resources and the restaurant manager regarding returning to work, but she was ignored.

51. The unlawful employment practices complained of above were intentional.

52. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to McDuffie's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants, from maintaining a sexually hostile work environment, engaging in employment practices which discriminate against employees based on their sex, subjecting employees to adverse employment actions for engaging in protected activity by complaining about unlawful employment practices, and otherwise engaging in any other employment practices which discriminate against employees for engaging in protected activity.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendants to make McDuffie whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.  Order Defendants to make McDuffie whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendants to make McDuffie whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay McDuffie punitive damages for Defendants' malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its First Amended Complaint.

                Respectfully Submitted,

                SHARON FAST GUSTAFSON
                General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                ANTONETTE SEWELL
                Regional Attorney

                LAKISHA DUCKETT ZIMBABWE
                Supervisory Trial Attorney

                s/ *Robyn M. Flegal*
                Robyn M. Flegal, Esq.
                Trial Attorney
                Georgia Bar No. 599572
                robyn.flegal@eeoc.gov

                U.S. Equal Employment Opportunity Commission
                Atlanta District Office
                100 Alabama St., SW, Suite 4R30
                Atlanta, GA 30303
                (404) 562- 6882 (direct)
                (404) 562-6905 (facsimile)